IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MILDRED BALDWIN, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 2:21-cv-04066 |
| vs. ) ) ) | |
| NATIONAL WESTERN LIFE INSURANCE COMPANY, ) ) ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

Defendant National Western Life Insurance Company ("NWL" or "Defendant") hereby files this Notice of Removal of this action from the Circuit Court of the 18th Judicial Circuit, Pettis County, Missouri, to the United States District Court for the Western District of Missouri. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, on the basis of the following facts, which show that this case may be properly removed to this Court:

1. NWL has been sued in a civil action entitled *Baldwin v. National Western Life Insurance Company*, No. 21PT-CC00022 (18th Judicial Circuit, Pettis City, Missouri) (the "State Court Action").

2. Plaintiff Mildred Baldwin ("Plaintiff") filed her Class Action Petition (the "Complaint") in the State Court Action on February 24, 2021, and served NWL with the Complaint on March 3, 2021.

3. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because NWL has satisfied the procedural requirements for removal, and

this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and CAFA.

## I. NWL HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. Pursuant to 28 U.S.C. § 1446(a), true and exact copies of all process, pleadings, and orders served on NWL in this matter are attached as **Exhibit A**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the 18th Judicial Circuit, Pettis County, Missouri.

5. Plaintiff served NWL with the Complaint on March 3, 2021. *See* Exhibit A. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it was filed within thirty (30) days after receipt by NWL of a copy of the "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).

6. As of the date of this removal, NWL has not filed a responsive pleading to any complaint in this case. NWL reserves all rights to assert any and all defenses or otherwise respond to the operative complaint. NWL further reserves the right to amend or supplement this Notice of Removal.

7. Venue lies in the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1441(a), because the original action was filed in a state court located within the Western District of Missouri. Pettis County, Missouri is further located within the Central Division. Venue, therefore, is proper in this District and Division because they are the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER CAFA.

8. The Court has original jurisdiction over this action, and the action may be removed to this Court, under CAFA.

9. Concerned by abuses of class actions in some state courts, Congress passed CAFA in part "to restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction." Pub. L. No. 109-2, 2(b)(2), 119 Stat. 4 (codified as a note to 28 U.S.C. § 1711).

10. CAFA expanded Federal court jurisdiction over, and permits removal to Federal court of, certain class actions originally filed in state court where there is not complete diversity between defendants and all members of the purported class. 28 U.S.C. § 1441(a); 28 U.S.C. § 1453. Specifically, CAFA permits removal of class actions filed in state court if:

   a. any member of the putative plaintiff class is a citizen of a state different than that of any defendant (28 U.S.C. § 1332(d)(2)(a));

   b. the members of all proposed plaintiff classes exceed 100 (28 U.S.C. § 1332(d)(5)(b)); and

   c. the aggregate amount in controversy exceeds $5,000,000 (28 U.S.C. § 1332(d)(2)).

11. As set forth below, this is a putative class action in which: (1) there are more than 100 members in the putative class (and subclass) proposed by Plaintiff; (2) at least one member of each proposed class is a citizen of a different state than NWL; and (3) based upon the allegations in the Complaint and the facts set forth in the attached Declaration, the claims of the putative class members exceed the sum or value of $5 million in the aggregate, exclusive of

interest and costs. Thus, this Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. § 1332(d)(2).

### A. Plaintiff's Proposed Classes Consist of More Than 100 Members.

12. Plaintiff seeks to represent a class of all "persons in the United States who are current and former policy holders of Defendant and who were mailed and received the Notice Letter." Compl. ¶ 53.

13. NWL sent a notice letter of some form to in excess of 100,000 individuals in response to the data breach at issue in this case. (*See* Declaration of Gregory Owen ("Owen Dec.") ¶ 6, attached hereto as **Exhibit B**.)

14. Accordingly, based on the allegations in the Complaint and NWL's records, the aggregate number of members of the putative class is greater than 100 for purposes of 28 U.S.C. § 1332(d)(5)(B).

### B. The Requirement for Minimal Diversity is Met.

15. This Court has original jurisdiction under CAFA when the parties in a class action are minimally diverse. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which -- (A) *any member of a class of plaintiffs is a citizen of a State different from any defendant*. . . .") (emphasis added).

16. Plaintiff alleges that she is a resident of Missouri. (Compl. ¶ 12.)

17. Plaintiff also seeks to represent a national and Missouri class of consumers. (Compl. ¶ 53.)

18. NWL is, and was at the time it was served with the Complaint, a corporation organized and validly existing under the laws of the State of Colorado with its principal place of

business located in Austin, Texas. (Owen Dec. ¶ 5; *see also* Compl. ¶ 13.) NWL, therefore, is a citizen of Colorado and Texas. *See Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1001 (8th Cir. 2020) ("Corporations are typically considered citizens of both the state in which they are incorporated and the state in which they have their principal place of business."); 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.").

19. Because Plaintiff and the putative subclass are diverse from NWL the requirements for minimal diversity under 28 U.S.C. § 1332(d)(2)(A) are satisfied.

**C. The Amount in Controversy Requirement is Satisfied.**

20. This action arises out of NWL's alleged failure to safeguard the personal and financial information of the putative class members. (*See* Compl. ¶¶ 8-28.)

21. Although the Complaint contains only conclusory allegations concerning the speculative harm purportedly suffered by the putative class members, Plaintiff alleges, among other things, that value of the personally identifiable information ("PII") allegedly impacted in the data breach ranges from between $100 and $1,000 per individual. (Compl. ¶¶ 37, 40 & n.3)

22. As noted above, Plaintiff seeks to represent a nationwide class of NWL policy holders who received a letter notifying them of the data breach. (*See* Compl. ¶ 53.)

23. The purported class therefore consists of in excess of 100,000 individuals. (Owen Dec. ¶ 6.)

24. As a result, based on the number of class members and relying on the lower of the purported "values" of the impacted PII as alleged by Plaintiff, the amount in controversy comfortably exceeds the $5,000,000 threshold under CAFA.[1]

25. It is therefore clear that the amount in controversy in this putative class action exceeds $5 million.

26. Based on Plaintiff's allegations and the supporting Declaration of Gregory Owen, it is clear that Plaintiff's complaint (1) purports to represent a class of more than 100 individuals, (2) presents minimum diversity, and (3) puts in excess of $5 million in controversy. CAFA jurisdiction is thus present.

## III. CONCLUSION

27. For all the reasons stated, this action is removable to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and CAFA, and this Court may exercise jurisdiction over this matter.

28. Promptly after the filing of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d), NWL will give written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice with the Clerk of the 18th Judicial Circuit, Pettis County, Missouri.

THEREFORE, Defendant National Western Life Insurance Company respectfully requests that this action be removed from the Circuit Court of the 18th Judicial Circuit, Pettis County, Missouri, to the United States District Court for the Western District of Missouri pursuant to 28 U.S.C. §§ 1332, 1441, 1446, 1453, and CAFA.

---

[1] Plaintiff has not stated a plausible basis for entitlement to this relief (or any other relief) and their alleged claims suffer from numerous defects. However, those deficiencies do not impact the amount in controversy.

Respectfully submitted,

POLSINELLI PC

_/s/ G. Gabriel Zorogastua_
G. Gabriel Zorogastua  MO #59643
900 W. 48th Place, Suite 900
Kansas City, MO 64112
Telephone:  (816) 753-1000
Facsimile:   (816) 753-1536
Email: gzorogastua@polsinelli.com

**ATTORNEYS FOR DEFENDANT NATIONAL WESTERN LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that a true and correct copy of the foregoing was served by U.S. Mail, postage prepaid, this 1st day of April, 2021, on the following:

John F. Garvey
CAREY DANIS & LOWE
8235 Forsyth, Suite 1100
St. Louis, MO 63105
jgarvey@careydanis.com

Lynn A. Toops (*pro hac vice pending*)
Lisa M. La Fornara (*pro hac vice pending*)
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
ltoops@cohenandmalad.com
llafornara@cohenandmalad.com

Samuel J. Strauss
TURKE & STRAUSS LLP
613 Williamson Street Suite 201
Madison, WI 53703
sam@turkestrauss.com

J. Gerard Stranch, IV (*pro hac vice pending*)
Peter J. Jannace (*pro hac vice pending*)
BRANSTETTER, STRANCH & JENNINGS, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
gerards@bsjfirm.com
peterj@bsjfirm.com

**ATTORNEYS FOR PLAINTIFF**

                                     */s/ G. Gabriel Zorogastua*
                                     Attorney for Defendant