# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MILDRED BALDWIN and DOUGLAS DRYSSEN, SR., *on behalf of themselves and others similarly situated*, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:21-cv-04066-WJE |
| NATIONAL WESTERN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER

This matter came before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Settlement Agreement. (Doc. 60). Plaintiffs, individually and on behalf of the proposed Settlement Class, and Defendant have entered into a Settlement Agreement (the "Settlement Agreement") that settles the above-captioned litigation.

In August 2020, third-party actors installed ransomware on National Western Life Insurance Company's ("NWL") computer systems and potentially accessed personal information residing on those computers. The compromised data included private identifying information, including Social Security numbers, credit card information, addresses and dates of birth, relating to NWL life insurance purchasers, including the Plaintiffs. NWL started to provide notice of the data breach to affected individuals in December 2021.

On or about March 3, 2021, Plaintiff Mildred Baldwin filed her complaint in the Circuit Court of Pettis County, Missouri. On March 8, 2021, Douglas Dryssen, Sr. filed his class action complaint in the United States District Court for the Eastern District of California. Plaintiff Baldwin's case was removed to this Court on April 1, 2021. In mid-May 2021, the Parties to the

Baldwin Action filed a joint motion for leave to file an amended complaint, adding Plaintiff Dryssen to the Baldwin Action. Plaintiff Dryssen voluntarily dismissed his claims in the Eastern District of California and joined Plaintiff Mildred Baldwin. Mildred Baldwin and Douglas Dryssen Sr.'s ("Plaintiffs" or "Class Representatives") operative complaint ("Complaint") alleges: (1) negligence; (2) negligence *per se*; (3) invasion of privacy; (4) breach of express/implied contractual duty; (5) unjust enrichment; (6) violation of California Unfair Competition Law; (7) violation of California Consumer Privacy Act; (8) violation of California's Consumer Legal Remedies Act; and (9) violation of California Consumer Records Act. (Doc. 31).

According to the Complaint, on or about August 15, 2020, NWL discovered that an unauthorized person had gained access to NWL's computer systems and stole 656 gigabytes worth of confidential and protected personally identifying information of NWL's policyholders. The information allegedly exposed included Social Security numbers, dates of birth, full names, dates of death, addresses, policy numbers, and policy termination dates.

The parties, through their counsel, have entered into a Settlement Agreement following good faith, arm's-length negotiations and a mediation overseen by Hon. Wayne Andersen (Ret.) of JAMS. The Parties have agreed to settle this action, pursuant to the terms of the Settlement Agreement, and subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement which, if approved, will result in dismissal of this action with prejudice.

Having reviewed the Settlement Agreement, including the exhibits attached thereto, and all prior proceedings herein, and for good cause shown, it is hereby ordered that Plaintiffs' Unopposed Motion for Preliminary Approval is granted as set forth herein.[1]

1. **Class Certification for Settlement Purposes Only**

For settlement purposes only, the Court provisionally certifies a Settlement Class and California Subclass in this matter defined as follows:

> **Settlement Class:**
> All individuals who were notified via letter from NWL that their personal information may have been exposed as a result of the August 2020 security incident by which third-party actors installed ransomware on NWL's computer systems and potentially accessed personal information residing on those computer systems ("Security Incident").
>
> **California Subclass:**
> All individuals residing in the State of California who were notified via letter from NWL that their personal information may have been exposed as a result of the August 2020 Security Incident.

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and their current or former officers, and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

The Court provisionally finds, for settlement purposes only and conditioned upon entry of the Final Order and Judgment, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact common to the Settlement Class; (c) the claims of Settlement Class Representatives are typical of and arise

---
[1] Unless otherwise indicated, capitalized terms used herein have the same meaning as they are assigned in the Settlement Agreement.

from the same operative facts and seek similar relief as the claims of Settlement Class Members; (d) the Settlement Class Representatives and Settlement Class Counsel will fairly and adequately protect the interests of the Settlement Class as the Settlement Class Representatives have no interests antagonistic to or in conflict with the Settlement Class and has retained experienced and competent counsel to prosecute this matter on behalf of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this controversy.

**2. Settlement Class Representatives and Settlement Class Counsel**

Mildred Baldwin and Douglas Dryssen, Sr. are hereby provisionally designated and appointed the Settlement Class Representatives. The Court provisionally finds that the Settlement Class Representatives are similarly situated to absent Class Members and therefore typical of the Class and that they will be adequate Settlement Class Representatives.

The Court further finds that the following counsel are experienced and adequate counsel and are hereby provisionally designated as Settlement Class Counsel pursuant to Federal Rule of Civil Procedure 23(g): David Lietz of Mason Lietz & Klinger, LLP and J. Gerard Stranch IV of Branstetter Stranch & Jennings PLLC.

**3. Preliminary Settlement Approval**

Upon preliminary review, the Court concludes and finds that the proposed Settlement is fair, reasonable, and adequate to warrant providing Notice of the Settlement to the Settlement Class and accordingly is preliminarily approved.

The Settlement confers substantial benefits upon the Settlement Class, particularly in light of the damages that Settlement Class Representatives and Settlement Class Counsel believe are potentially recoverable or provable at trial, and does so without the costs, uncertainties, delays, and other risks associated with continued litigation, class certification, trial, and potential appeal.

4. **Jurisdiction**

The Court concludes that it has subject matter and personal jurisdiction over the Parties before it for purposes of Settlement. Additionally, venue is proper in this Court as a substantial portion of the acts and transactions complained of occurred in this District.

5. **Final Approval Hearing**

A Final Approval Hearing shall be held on June 16, 2022 at 9:00 a.m. in the District Court for the Western District of Missouri, Christopher S. Bond Court House 80 Lafayette Street, Jefferson City, MO 65101, Courtroom 3A, to determine, among other things, whether: (a) this matter should be finally certified as a class action for settlement purposes pursuant to Rule 23(b)(3) and (e); (b) the Settlement should be finally approved as fair, reasonable, and adequate pursuant to Rule 23(e)(2); (c) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members should be bound by the Release set forth in the Settlement Agreement; (e) the motion of Settlement Class Counsel for an award of attorneys' fees, costs, and expenses (the "Fee Request") should be approved; and (f) Plaintiffs' motion for incentive awards for Settlement Class Representatives ("the Incentive Award Request") should be approved.

The Incentive Award Request and Fee Request shall be filed with the Court at least 30 days prior to the deadline for Settlement Class Members to object or exclude themselves from the

Settlement. Plaintiffs' Motion for Final Approval of the Settlement shall be filed at least 14 days prior to the deadline for objecting or opting out. By no later than 14 days prior to the Final Approval Hearing, the Parties shall file responses, if any, to any objections, and replies in support of the Incentive Award and Fee Request.

6. **Administration**

The Court appoints Postlethwaite & Netterville as the Settlement Administrator, with responsibility for class notice and claims administration and to fulfill the duties of the Settlement Administrator as set forth in the Settlement Agreement. All costs and expenses associated with providing notice to Settlement Class Members shall be paid for by Defendant from the Settlement Fund, including but not limited to, the Settlement administrator's fees, as well as the costs associated with administration of the Settlement.

7. **Notice to the Class**

The Notice Program set forth in the Settlement Agreement, the Short-Form Notice, Long-Form Notice, and Claim Form attached to the Settlement Agreement as Exhibits B, C, and D satisfy the requirements of Rule 23(c)(2), provide the best notice practicable under the circumstances, and are hereby approved. Non-material modifications to these Exhibits may be made without further order of the Court. The Settlement Administrator is directed to carry out the Notice Program in conformance with the Settlement Agreement.

Within **31 days** of entry of this Preliminary Approval Order (the "Notice Deadline"), the Settlement Administrator shall complete the Notice Program in the manner set forth in Section III of the Settlement Agreement.

8. **Findings and Conclusions Concerning Notice**

The Court finds that the form, content, and method of giving notice to the Settlement Class as described in Section 7 of this Order and the Settlement Agreement (including the exhibits thereto): (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise the Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, including but not limited to their rights to object to or exclude themselves from the proposed Settlement and other rights under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Class Members and other persons entitled to receive notice; and the Court concludes that the Notice Program meets all applicable requirements of law, including Rule 23(c) and (e) and the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Class Members.

### 9. Exclusion from the Class

Any Settlement Class Member who wishes to be excluded from the Settlement Class must express their wish to be excluded in writing via mail or via electronic submission through the Settlement Website. The request for exclusion must be sent or postmarked no later than 60 days from the date on which notice is mailed (the "Opt-Out/Objection Period"). The written notification must include the Settlement Class Member's name, address, and telephone number; the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and a signature of the individual or a person previously authorized by law, to act on behalf of the individual with respect to the claims asserted in this action.

The Settlement Administrator shall provide the Parties a final list of all who have timely and validly excluded themselves from the Settlement Class within three business days of the close of the Opt-Out/Objection Period. A list reflecting all individuals who timely and validly executed

requests for exclusion shall also be filed with the Court at the time of the motion for final approval of the Settlement.

Any Settlement Class Member who does not timely and validly exclude herself or himself from the Settlement shall be bound by the terms of the Settlement Agreement. If Final Order and Judgment is entered, any Settlement Class Member who has not submitted a timely, valid written notice of exclusion from the Settlement Class shall be bound by all proceedings, orders, and judgments in this matter, including but not limited to the Release set forth in the Final Order and Judgment, including Settlement Class Members who have previously initiated or who subsequently initiate any litigation against any or all of the Released Persons relating to the claims and transactions released in the Settlement Agreement. All Settlement Class Members who submit valid and timely notices of exclusion from the Settlement Class shall not be entitled to receive any benefits of the Settlement.

### 10. Objections and Appearances

A Settlement Class Member who complies with the requirements of this paragraph may object to the Settlement, the Incentive Award Request, or the Fee Request.

No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court, unless the objection is (a) filed with the Court by the Objection Date; and (b) mailed to Settlement Class Counsel and Defendant's Counsel at the addresses listed in the Notice, postmarked on or before the close of the Opt-Out/Objection Period, as specified by the Notice. For an objection to be considered by the Court, the objection must also include all of the information set forth in Paragraph 51 of the Settlement Agreement, which is as follows: (i) the name of the proceedings; (ii) the Settlement Class Member's full name, current mailing address,

and telephone number; (iii) a statement of the specific grounds for the objection, as well as any documents supporting the objection; (iv) a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (v) the identity of any attorneys representing the objector; (vi) a statement regarding whether the Settlement Class Member (or his/her attorney) intends to appear at the Final Approval Hearing; (vii) a statement identifying all class action settlements objected to by the Settlement Class Member in the previous 5 years; (viii) four dates between the Objection Deadline and the fairness hearing when the Settlement Class Member is available to be deposed by Class Counsel and NWL's Counsel; and (vii) the signature of the Settlement Class Member or the Settlement Class Member's attorney.

Any Settlement Class Member who fails to comply with the provisions in this Section may waive and forfeit any and all rights he or she may have to object, and shall be bound by all the terms of the Settlement Agreement, this Order, and by all proceedings, orders, and judgments in this matter, including, but not limited to, the release in the Settlement Agreement if Final Order and Judgment is entered.

If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

If Final Order and Judgment is entered, any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and shall be forever barred from making any such objections in this action or in any other proceeding or from

challenging or opposing, or seeking to reverse, vacate, or modify any approval of the Settlement Agreement, the Incentive Award Request, or the Fee Request.

## 11. Claims Process and Distribution and Allocation Plan

Settlement Class Representatives and Defendant have created a process for assessing and determining the validity and value of claims and a payment methodology to Settlement Class Members who submit a timely, valid Claim Form. The Court preliminarily approves the plan for remuneration described in Section II and Exhibit A of the Settlement Agreement and directs that the Settlement Administrator effectuate the distribution of Settlement consideration according to the terms of the Settlement Agreement, should the Settlement be finally approved.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Settlement Agreement. If Final Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice and the Claim Form shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Settlement Agreement, the Release included in that Settlement Agreement, and the Final Order and Judgment.

## 12. Termination of Settlement

This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing as of the date of the execution of the Settlement Agreement if the Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement. In such event, the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither

the Settlement Agreement nor the Court's orders, including this Order, relating to the Settlement shall be used or referred to for any purpose whatsoever.

**13. Use of Order**

This Order shall be of no force or effect if Final Order and Judgment is not entered or there is no Effective Date and shall not be construed or used as an admission, concession, or declaration by or against Defendant of any fault, wrongdoing, breach, liability, or the certifiability of any class. Nor shall this Order be construed or used as an admission, concession, or declaration by or against the Settlement Class Representatives or any other Settlement Class Member that his or her claim lacks merit or that the relief requested is inappropriate, improper, unavailable, or as a waiver by any Party of any defense or claim he, she, or it may have in this litigation or in any other lawsuit.

**14. Stay of Proceedings**

Except as necessary to effectuate this Order, all proceedings and deadlines in this matter are stayed and suspended pending the Final Approval Hearing and issuance of the Final Order and Judgment, or until further order of this Court.

**15. Continuance of Hearing**

The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the website maintained by the Settlement Administrator.

**16. Summary of Deadlines**

The preliminary approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement Agreement and this Order include but are not limited to:

**Notice Deadline:** 31 Days after Preliminary Approval

**Deadline to Opt-Out/Object from Settlement:** 60 Days after Notice Deadline

**Motion for Incentive Awards, Attorneys' Fees and Costs Deadline:** 30 Days Prior to Deadline to Opt-Out/Object

**Motion for Final Approval Deadline:** 14 Days prior to the Opt-Out/Objection Deadline

**Replies in Support of Incentive Awards, Attorneys' Fees and Costs:** 14 Days Prior to the Final Approval Hearing

**Final Approval Hearing:** June 16, 2022, at 9:00 a.m.

**Claims Deadline:** 90 Days After the Notice Deadline

**IT IS SO ORDERED.**

Dated this 19th day of January, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge