IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MILDRED BALDWIN and DOUGLAS DYRSSEN, SR., *on behalf of themselves and others similarly situated*, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) No. 2:21-CV-04066-WJE<br>) |
| NATIONAL WESTERN LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## ORDER

Plaintiffs Mildred Baldwin and Douglas Dyrssen, Sr. have moved for final approval of the class action settlement with Defendant National Western Life Insurance Company. (Docs. 73, 74). On January 19, 2022, the Court granted preliminary approval of the proposed class action settlement between the parties. (Doc. 62). The Court also provisionally certified a Settlement Class for settlement purposes only, approved the notice procedure, and set a final fairness hearing. (*Id.*).

The Court held the final fairness hearing on June 16, 2022, to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing with prejudice the Plaintiffs' and Settlement Class Members' claims against Defendant as set forth in the Amended Complaint; and (3) whether Class Counsel's motion for approval of attorneys' fees, expenses, and Class Representatives' incentive awards should be granted. (Docs. 69, 70). The Court considered all matters submitted to it at the hearing and otherwise.

The settlement was the result of an extensive arms-length negotiation between counsel for Plaintiffs and counsel for Defendant. Counsel for the parties are highly experienced in this type of litigation, with full knowledge of the risks inherent in this Action. The extent of legal research as to the sufficiency of the claims and class certification, independent investigations by counsel for the parties, and the factual record compiled, suffices to enable the parties to make an informed decision as to the fairness and adequacy of the settlement. It also appears that notice in the form approved by the Court was given in the manner that the Court ordered.

The Court has determined that the proposed settlement of the claims of the Settlement Class Members against Defendant, the release of Defendants, the significant relief provided to the Settlement Class Members as described in the Settlement Agreement, the award of attorneys' fees and expenses requested, and the incentive awards requested, appear fair, reasonable, and adequate.

**IT IS, THEREFORE, ORDERED** that:

1. The Settlement involves allegations in Plaintiffs' Amended Complaint that Defendant failed to safeguard and protect the personally identifiable information of its policyholders and that this alleged failure caused injuries to Plaintiffs and the Class.

2. The Settlement does not constitute an admission of liability by Defendant, and the Court expressly does not make any finding of liability or wrongdoing by Defendant.

3. Unless otherwise noted, words spelled in this Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

4. This Court has jurisdiction over this Action and the parties, including all members of the Settlement Class certified for settlement purposes in this Court's Order Granting Preliminary Approval of the Class Action Settlement.

5. On January 19, 2022, the Court entered an Order which, among other things: (a) approved the Notice to the Settlement Class, including approval of the form and manner of notice under the Notice Program set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, which included defining the class, appointing Plaintiffs as the Settlement Class Representatives, and appointing Settlement Class Counsel; (c) preliminarily approved the Settlement; (d) set deadlines for opt-outs and objections; (e) approved and appointed the Claims Administrator; and (f) set the date for the Final Approval Hearing.

6. Pursuant to Rule 23(b)(3) and 23(e), in the Order Granting Preliminary Approval of the Class Action Settlement the Court defined the Settlement Class for settlement purposes only. The Court defined the Settlement Class and California Subclass as follows:

> **Settlement Class:**
> All individuals who were notified via letter from National Western Life Insurance Company ("NWL") that their personal information may have been exposed as a result of the August 2020 security incident by which third-party actors installed ransomware on NWL's computer systems and potentially accessed personal information residing on those computer systems (the "Security Incident").
>
> **California Subclass:**
> All individuals residing in the State of California who were notified via letter from NWL that their personal information may have been exposed as a result of the August 2020 Security Incident.

Excluded from the Settlement Class are: (1) the judges presiding over this Action, and members of their direct families; (2) the Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest, and their current or former officers, and directors; and (3) Settlement Class Members who submit a valid Request for Exclusion prior to the Opt-Out Deadline.

7. The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and defines the Settlement Class as

defined herein. Further, the Court finds that the settlement is fair, reasonable, and adequate, meeting the requirements of Rule 23(e).

8. The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a. A process by which Settlement Class Members can submit claims for both credit monitoring services and compensation that will be evaluated by a Claims Administrator mutually agreed upon by Settlement Class Counsel and Defendant.

    b. Defendant to pay all Notice and Administration Costs.

    c. Defendant to pay a Court-approved Service Award in the amount not to exceed $3,000 to each named Plaintiff and Class Representative.

    d. Defendant to pay Court-approved attorneys' fees, costs, and expenses of Settlement Class Counsel in an amount of $1,314,900, which is based on a percentage of the gross settlement fund as well as on the amount of time class counsel reasonably expended working on this Action.

        i. This Court finds that the proposed attorneys' fees, calculated by using the "percentage-of-the-benefit" approach, are appropriate, fair, proper, and reasonable according to the following factors: (1) the benefit conferred on the class by the settlement; (2) the risk to which plaintiffs' counsel was exposed (i.e., whether their fee was fixed or contingent); (3) the difficulty and novelty of the legal and factual issues of the case; (4) the skill of the lawyers, both plaintiffs' and defendant's; and (5) the comparison between the requested attorneys' fee percentage and

percentages awarded in similar cases. *See Caligiuri v. Symantec Corp.*, 855 F.3d 860, 866 (8th Cir. 2017). The one-third fee amount is consistent with fees regularly awarded by the Eighth Circuit. *See id.* (affirming use of the "percentage-of-the-benefit" measure for attorneys' fees and affirming a one-third fee). All arguments in Plaintiffs' motion being sound, the motion being unopposed, and the proposed awards, fees, and reimbursement being adequate, fair, proper, and reasonable, Plaintiffs' Motion for Award of Attorneys' Fees, Costs, and Service Awards is granted.

9. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Claims Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

10. Notice of the Final Approval Hearing, the proposed motion for attorneys' fees, costs, and expenses, and the proposed Incentive Award have been provided to Settlement Class Members as directed by this Court's Orders, and an affidavit or declaration of the Settlement Administrator's compliance with the Notice Program has been filed with the Court.

11. The Court finds that such Notice as therein ordered, constituted the best possible notice practicable under the circumstances and constitutes valid, due, and sufficient notice to all Settlement Class Members in compliance with the requirements of Rule 23(c)(2).

12. As of the final date of the Opt-Out Period, 55 potential Settlement Class Members have submitted valid Opt-Out Requests to be excluded from the Settlement. The names of those persons are set forth in Exhibit A to this Order. Those persons are not bound by this Final Order

and Judgment, as set forth in the Settlement Agreement.

13. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

14. Pursuant to the Settlement Agreement, Defendant, the Claims Administrator, and the Claims Referee shall implement the Settlement in the manner and time frame as set forth herein.

15. Pursuant to the Settlement Agreement, Plaintiffs and the Settlement Class Members release claims against Defendant and all Released Parties, as defined in the Settlement Agreement as follows:

> any and all claims, liabilities, rights, demands, suits, obligations, or damages whatsoever, including but not limited to consequential damages, losses or costs, punitive damages, attorneys' fees and costs, action or causes of action, penalties, remedies, of every kind or description—whether known or Unknown (as the term "Unknown Claims" is defined herein), suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, administrative, statutory, or equitable—that relate to or arise from the Security Incident and which are asserted, or could have been asserted in the Action or any other proceedings.

Released Claims shall not include the right of any Settlement Class Member or any of the Released Parties to enforce the terms of the Settlement Agreement and shall not include the claims of those persons those persons identified in Exhibit A to this Order who have timely and validly requested exclusion from the Settlement Class.

16. On the Effective Date, (i) Plaintiffs, the Settlement Class Members, and each of their predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, and anyone claiming by, through, or on behalf of them (collectively and individually,

the "Releasors"), and (ii) Settlement Class Counsel and each of their past and present law firms, partners, or other employers, employees, agents, representatives, successors, or assigns will be deemed to have, and by operation of the Final Order and Judgment shall have, fully, finally, completely, and forever released and discharged the Released Parties from the Released Claims.

17. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

18. In accordance with Rule 23, this Final Order and Judgment resolves all claims against all parties in this Action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file a final judgment in this matter.

**IT IS SO ORDERED.**

Dated this 16th day of June, 2022, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge